IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SANDRA GARY-VENABLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. CBD-17-0868 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Acting Commissioner, | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

Sandra Gary-Venable ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 17) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 18). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

I.  **Procedural Background**

On December 6, 2013, Plaintiff filed for DIB under Title II and SSI under Title XVI, alleging disability beginning February 28, 2013. R. 21. Plaintiff alleged disability due to

1

chronic obstructive pulmonary disease, anxiety disorder, arthritis, and sinusitis. R. 200. An administrative hearing was held on July 30, 2015, R. 34-69, and on November 20, 2015, the claim was denied. R. 18. Plaintiff sought review by the Appeals Council, which concluded on February 1, 2017, that there was no basis for granting the Request for Review. R. 1.

## II.	Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' "). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545 (a), 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

**III. Analysis**

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 23–28. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful

4

activity since February 28, 2013. R. 23. At step two, under 20 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ determined that Plaintiff has the following severe impairments: chronic obstructive pulmonary disease, osteoarthritis, and degenerative disc disease. *Id.* The ALJ stated that the listed impairments "have more than a minimal effect on the claimant's ability to do basic work activities. Therefore, these impairments are severe within the meaning of 20 C.F.R. 404.1520(c) and 416.920(c)." *Id.*[1] In step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. R. 25. At step four, the ALJ determined that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§404.1567(c) and 416.967(c) except lifting and/or carrying fifty pounds occasionally, twenty-five pounds frequently; standing or walking six hours, sitting six hours in an eight hour work day; occasionally climbing ladders, ropes, or scaffolds, frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. *Id.* The ALJ also found that Plaintiff must avoid concentrated exposure to extreme heat, extreme cold, humidity, and hazards such as machinery and heights. *Id.* At step five, the ALJ determined that Plaintiff is capable of performing her past relevant work as an administrative assistant. R. 28. The ALJ then concluded that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.*

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in her favor, or in the alternative, remand this matter to the Social Security Administration for a new

---

[1] The ALJ also noted that Plaintiff has "medically determinable impairment of cataracts and anxiety," but that these impairments' impact on Plaintiff's ability to perform basic work activities were *de minimus* and "therefore non-severe impairments." *Id.* The ALJ supported this assertion after careful consideration and support of medical records, as well as the determinations of State agency psychologist, Samuel D. Williams. R. 24.

5

administrative hearing, alleging that the ALJ erroneously assessed Plaintiff's RFC. Pl.'s Mot. 1, 3. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. *No substantial evidence exists to support the ALJ's determination on Plaintiff's limitations.*

As discussed earlier, at step four of the factor-by-factor determination, the ALJ made multiple findings regarding Plaintiff's RFC, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§404.1567(c) and 416.967(c) except lifting and/or carrying fifty pounds occasionally, twenty-five pounds frequently; standing or walking six hours, sitting six hours in an eight hour work day; occasionally climbing ladders, ropes, or scaffolds, frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. In addition, she must avoid concentrated exposure to extreme heat, extreme cold, humidity, and hazards such as machinery and heights.

R. 25. However, the ALJ failed to identify any source on which she relied to make these very specific determinations about Plaintiff's limitations, and upon the Court's review of the record, the Court is unable to locate a source that supports the ALJ's particular findings.

While this Court is required to accept the ALJ's factual findings if they are supported by substantial evidence with the application of the correct legal standard, it cannot affirm findings in the absence of substantial evidence. *Owens v. Commissioner, Social Security*, 2017 WL 6621107 at *1 (D. Md. 2017) (citing 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)). The ALJ must provide a narrative discussion with the RFC assessment "describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence." SSR 96-8p, 1996 WL 374184 at *7. In the instant case, the Court has not located record evidence to support the ALJ's findings regarding what Plaintiff is able to carry or lift, how long she is able to stand, and what her exposure limitations to irritants are. Although Defendant correctly states that Social Security

6

Ruling 96-8p does not mandate a function-by-function analysis, Defendant errs in her reliance on that language in support of its position. Def. Mot. 4. While Social Security Ruling 96-8p does not require a function-by-function analysis, the language of the Ruling is clear that an "RFC assessment must include a narrative *describing how the evidence supports **each** conclusion*." SSR 96-8p, 1996 WL 374184 at *7 (emphasis added). The Court finds that while the ALJ provided sufficient narrative as to why she found Plaintiff's testimony not credible as discussed below, the ALJ failed to provide enough information to support each of the limitations included in the RFC assessment. Without guidance from the ALJ about where this very specific information came from, the Court is left to speculate. The Court remands the case back to the ALJ with the specific instruction to develop the record by providing the sources on which Plaintiff's limitations in step four are based.

### ***B. The ALJ did not fail to adequately address pertinent evidence.***

Plaintiff alleges that the ALJ failed to properly address pertinent evidence. Pl.'s Mot. 7. First, Plaintiff argues the ALJ failed to address the evidence presented by Dr. Raj Mathur, namely Dr. Majur's reports of treatment provided from November, 2014 through July, 2015. *Id.* Plaintiff asserts that the ALJ "failed to explain how an individual suffering from [breathing impairments] would be capable of performing medium exertional level work." *Id.* However, Plaintiff errs in asserting that the ALJ failed to address these symptoms. In her findings, the ALJ specifically addressed Dr. Mathur's findings, noting that "[w]hile the claimant's lungs had prolonged expiration and poor airflow, Dr. Mathur continually noted that the claimant's lungs were clear to auscultation and percussion. Dr. Mathur also noted that the claimant continued to smoke tobacco despite sound medical advice to the contrary." R. 27. The ALJ went a step further by pointing out that Dr. Mathur encouraged Plaintiff to engage in daily exercise,

7

indicating that the claimant, despite claims of shortness of breath upon exertion, should exert herself on a regular basis. *Id.* The ALJ also referenced the findings of Drs. Davis, Newman, Murray, and Ismail, who all found that Plaintiff's condition was stable, that Plaintiff was not in any acute distress, and that Plaintiff had normal respiratory rates. R. 26–27. While Plaintiff claims that the ALJ failed to address pertinent evidence, the Court is convinced that the ALJ adequately addressed all medical reports in making her decision, specifically including the caveat that "although not every Exhibit was discussed individually, the [ALJ] notes that all relevant evidence was considered in arriving at this decision." R. 28. As such, the Court finds that the ALJ's decision in regards to pertinent evidence is supported by substantial evidence.

### C. *The ALJ did not fail in refusing to put additional pulmonary limitations on Plaintiff's ability to work.*

Plaintiff claims that the ALJ failed to include in her analysis additional limitations with respect to exposure to pulmonary irritants. Pl. Mot. 7. Plaintiff included in her assertion the support of Social Security Ruling 85-15, stating that "[w]here an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable." *Id.* at 8. However, Plaintiff's support was misguided as Plaintiff fails to provide any support for why she could only tolerate very limited amounts of pulmonary irritants. The ALJ provided expansive support for her determination that Plaintiff's statements concerning the extent to which her chronic obstructive pulmonary disease was limiting her abilities was not entirely credible. R. 26-27. In fact, the ALJ makes note of Plaintiff's refusal to refrain from smoking tobacco products, "despite sound medical advice to stop smoking." R. 27. Additionally, the ALJ addresses Dr. Mathur's recommendation that Plaintiff exercise daily, indicating that Plaintiff's pulmonary limitations are not as severe as stated. *Id.* Considering the facts as presented, the Court finds

8

that Plaintiff failed to provide adequate support for her assertion that she is limited to tolerating "very little. . . dust."

Assuming *arguendo* that the ALJ should have included limited exposure to pulmonary irritants in her decision, the Court is still persuaded by Defendant's argument that Plaintiff failed to show that she was harmed by the omission of "pulmonary irritants." Def. Mot. 7. This Court has determined on multiple occasions that a review of the ALJ's decision should be viewed under the harmless error doctrine. *See, e.g.*, *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014). As such, even had Plaintiff shown that she requires limited exposure to pulmonary irritants, Plaintiff failed to show that the ALJ's assessment that Plaintiff return to work as an administrative assistant would expose her to said irritants.

Based on the foregoing, the Court finds that Plaintiff erred in her assertion that the ALJ failed to include a limitation with respect to exposure to pulmonary irritants.

### D. The ALJ did not erroneously evaluate Plaintiff's subjective complaints.

Plaintiff alleges that the ALJ erroneously evaluated the Plaintiff's subjective complaints. Pl. Mot. 8. After considering the evidence presented, the ALJ determined that some of the alleged symptoms could have reasonably been caused by Plaintiff's impairments, but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." R. 27. Plaintiff claims that the ALJ's determination was flawed in that it was not supported by an indication of which statements the ALJ found not credible. Pl. Mot. 8. For the following reasons, the Court is not persuaded that the ALJ erred in finding that Plaintiff's statements were not credible in regards to their intensity, persistence, and limiting effects.

Pursuant to 20 C.F.R. §§ 404.1529 and 416.929, in evaluating a claimant's subjective complaints, the ALJ is required to follow a two-step process: (1) the ALJ must find that objective

9

medical evidence is present to show that a claimant has a medical impairment which could reasonably be expected to produce the symptoms alleged; and (2) the ALJ must determine whether statements about the intensity and persistence of a claimant's symptoms are consistent with the objective medical evidence. The ALJ found that based on the objective medical evidence, Plaintiff's impairments could "reasonably be expected to cause some of the alleged symptoms." R. 27. The ALJ then considered all relevant evidence presented in her determination that Plaintiff's statements lacked credibility, including "the findings upon physical examination and diagnostic study, the claimant's course of medical treatment, the credible medical opinion evidence of record. . . and the claimant's appearance and demeanor at the hearing." R. 25–26. Specifically, the ALJ referenced Dr. Ismail's findings that "most of the claimant's complaints were subjective without much corroboration on objective examination. (Exhibits 3F, 4F)." R. 27. Additionally, the ALJ notes that Plaintiff chose a rather conservative course of treatment, continued smoking tobacco products despite doctors telling her to stop, and that after "conservative treatment with a nebulizer" and cessation of smoking, Plaintiff's subjective outlook improved significantly. *Id.* While the Court does not suggest that a conservative course of treatment dismisses a claimant's subjective allegations, the Court finds that the ALJ used substantial evidence in making her determination. Indeed, the ALJ relied heavily upon the assertions of medical professionals in finding that Plaintiff's allegations of disabling subjective symptoms were not credible. R. 23–28.

Although the ALJ stated that she did not find Plaintiff's subjective complaints credible, the ALJ implemented an RFC determination that "was specifically tailored to take into consideration the limitations stemming from the claimant's physical impairments." R. 27. The ALJ found that Plaintiff could engage in a significantly reduced range of medium work, limiting

10

Plaintiff to lifting lighter amounts of weight, staying off her feet more, and limiting her exposure to extreme conditions, so as to alleviate the amount of exertion Plaintiff might have to expel in the course of her employment. *Id.* Additionally, the ALJ noted that within this significantly reduced range of medium work, "the vocational expert testified that jobs exist in significant numbers in the national economy, which the claimant could perform." *Id.* (citing to R. 62–64). The Court finds that the ALJ considered Plaintiff's subjective complaints in the ALJ's RFC determination.

### IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instruction for the ALJ to supply, on the record, the source of her particular findings.

January 12, 2018                                         /s/
                                                  Charles B. Day
                                                  United States Magistrate Judge

CBD/gbc